UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CHRISTOPHER LEE HUMPHREY**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 3:17CV-P75-GNS**

**HARDIN COUNTY DETENTION CENTER** *et al.*   **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Christopher Lee Humphrey filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. On February 7, 2017, the Clerk of Court issued a Notice of Deficiency (DN 4) to Plaintiff directing him to file a certified copy of his jail trust account statement within 30 days. On February 22, 2017, the copy of the Notice mailed to Plaintiff was returned to the Court by the United States Postal Service with the returned envelope marked "Return to Sender," "Attempted – Not Known," and "Unable to Forward" (DN 5).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket sheet reveals that over a month has passed without Plaintiff providing any notice of an address change. Consequently, neither orders from this Court nor filings by Defendant can be served on him. The Court, therefore, concludes that Plaintiff has abandoned any interest in prosecuting this case and that dismissal is warranted. *See, e.g.*, *White*

*v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: April 11, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.005